EDWARD TAYLOR *v.* JOHN M. SECRIST.

(No. 8,525.)

1. A warehouseman is required to take common and reasonable care of the commodity intrusted to his charge.
2. If without the fault of the warehouseman, the property stored is injured by rats, he is not responsible.

SPECIAL TERM.—On motion by plaintiff for a new trial.

The plaintiff had sued out his writ of replevin for 300 bags of salt, which, he alleged, to have been stored in defendant's warehouse, who refuses to deliver it.

The defendant answered that he had a lien for storage which ought to be paid; and a portion of the merchandise having remained in the warehouse for several months, was destroyed by rats, who ate the covering, whereby the salt was spilt and rendered useless.

On trial the jury were instructed to allow the amount claimed for storage, on all the bags taken by the sheriff on the writ; and they were further charged that the defendant could recoup for the quantity they were satisfied, from the evidence, had been destroyed by rats.

A verdict was rendered accordingly. The plaintiff asks for a new trial, because the court, as he avers, erred, in charging the jury on the last point.

*Fox & Fox,* for plaintiff.

*Collins & Herron,* for defendant.

STORER, J. The question is new in our practice, as one of fact, but the principle which controls the case is well settled.

A warehouseman comes within the ordinary rule requiring bailees to take " common and reasonable care of the commodity intrusted to his charge." In this respect his

liability differs from that of a common carrier. Story on Bailments, secs. 444, 450; Edwards on Bailments, 284; 4 D. & E. 581, *Garside* v. *Trent Mer. Nav.;* 9 Wen. 60, *Knapp* v. *Curtis;* 2 Barbour, 326, *Foote* v. *Storrs.*

If, then, without the fault of the bailee, the property stored is injured by rats, he is not responsible. Story on Bailments, sec. 444; Peake, N. P. 114, *Cliff et al.* v. *Danvers;* Edwards on Bailments, 295.

This rule has been doubted as to its application to losses by leakage, caused by rats, in gnawing the planks of a ship : the courts holding it to be no excuse for the carrier, as it was in his power to have prevented the injury.

It is, as Ch. Kent says, a vexed question, and the better opinion would seem to be, that it is the negligence of the carrier. 3 Com. 301.

But this opinion must be taken with much reservation, so far as the insurer, in such a case, would be bound upon his policy; as it is now the well settled doctrine, that mere negligence, unless so gross as to amount to barratry, does not discharge the underwriter. 2 Barn. and Ald. 73, *Busk* v. *R. Ex. Ass. Co.;* 5 do. 171, *Walker* v. *Maitland;* 11 Ohio, 147, *Perrin's Adm'r.* v. *Pro. Ins. Co.;* 3 Peters, 222, *Patapsco Ins. Co.* v. *Coulter;* 10 Peters, 517, *Col. Ins. Co.* v. *Lawrence;* 11 do. 224, *Waters* v. *Mer. Louisville Ins. Co.*

Prior to the decisions in 2 and 5 Barn and Ald., just referred to, it was held in *Dale* v. *Hall,* 1 Wils. 282, and 4 Campbell, 203, *Hunter* v. *Potts,* that the defense could not be made on legal principles; but it is said by Sir Wm. Jones, in his work on bailments, 105, "that the true reason of the decision is not mentioned by the reporter, viz : it was, in fact, at least, ordinary negligence to let a rat do such mischief;" and such, it is said, was the Roman law.

And Mr. Marshall, in his work on insurance, vol. 1, 242, lays down the rule in a similar manner, but adds by way of qualification, "unless it appears that all necessary precautions were used to prevent the damage."

We suppose this is now the better opinion, notwithstand-

ing the doubt by the distinguished jurist, to which we have alluded.

We find in Roccus, note 58, Ingersoll's translation, it is said, "if the master keeps cats on board of his ship, he shall be excused from liability for injury produced by rats," and the author refers to a passage in the digest: "If a fuller has received cloth to full, and the rats have gnawed and injured it, he is answerable for the damage, for *he ought to have guarded* against it." This is adopted by Abbott, 371, who remarks "this rule and the exception to it, bearing somewhat of a ludicrous air, furnish a good illustration of the general principle by which the carrier is held liable for every injury that might have been prevented by human foresight or care."

The same author assures us that the rule is recognized by all foreign writers on the subject. See also 1 Phillips on Ins. 637; Merediths Emerigon, 301.

In the United States the question has been directly decided in favor of the carrier's exemption from liability for such a loss. This was held in *Garrigues* v. *Coxe*, 1 Binney, 592; in *Aymar* v. *Astor*, 6 Cowen, 269; 27 Maine, 135, *Plaisted* v. *B. & K. St. Nav. Co.*

We are satisfied from a careful examination of the authorities, as well as the nature of the defendants undertaking as a bailee, that he can not be held liable for the injury complained of. The evidence on the trial was clear, that every precaution was used to prevent the injury, even the constant presence of a " terrier dog," whose power of extermination, we suppose, was fully equal to that of any member of the feline family.

The conclusion to which we have arrived, we know, is opposed to the late case of *Laveroni* v. *Drury*, 16 E. L. & E. 512, which covers the whole ground, and would make the carrier liable, at all events, for damage by rats, but the ground taken by Pollock, C. B., in his opinion, would seem to be too broadly stated; he places the liability on the fact that he conceives " whatever might have been the case when Roccus wrote, rats might be now banished from a ship by no very

extraordinary degree of diligence on the part of the master," and the presence of cats even would not be a sufficient excuse for the master and owners, when called upon to indem¬ nify the shipper. We are not satisfied with the reasoning of the case, nor do we think it would be just to abide by it.

Motion overruled.